Margo Piscevich, NV Bar No. 0917
Mark J. Lenz, Esq., NV Bar No. 4672
Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, Nevada 89509
Tel: (775) 329-0958
Fax: (775) 329-2666

Susan Heaney Hilden
NV Bar No. 5358
Littler Mendelson, PC
50 W. Liberty St., Ste 400
Reno, NV  89501
Tel: (775) 348-4888
Fax: (775) 786-0127

*Attorneys for DEFENDANTS*

**U.S.  DISTRICT COURT**
**STATE OF NEVADA**

| | |
|---|---|
| ANDREA MCNULTY,<br><br>                    Plaintiff,<br><br>v.<br><br>HARVEYS TAHOE MANAGEMENT COMPANY, INC., a Nevada Corporation;  HARRAH'S ENTERTAINMENT, INC., a Delaware Corporation; HARRAH'S OPERATING COMPANY, INC., a Delaware Corporation; DOES I – XXX, AND ABC CORPORATIONS A-Z;  inclusive,<br><br>                    Defendants. | Case No. 3:10-cv-738 |

# Answer

Defendants answer the allegations in Plaintiff's Complaint as follows:

# Jurisdiction

# The Parties and their Agents

1.      Defendants admit that Andrea McNulty caused various "events" to occur in Nevada. Defendants deny causing any "events" themselves, or that any legitimate "claims" arose from such events.

2.      Defendants are informed and believe that Plaintiff is not a resident of Nevada and therefore deny the allegations in Paragraph 2.

3.      Defendants admit that Defendant Harveys Tahoe Management Company Inc. is a Nevada Corporation, licensed to and doing business in the State of Nevada. Defendants object to the remaining allegations in Paragraph 3 on the ground there are no allegations in the Complaint as to any conduct by Harveys Tahoe Management Company, or any relationship between Plaintiff and Harveys Tahoe Management Company.

4.      Defendants admit the allegations in Paragraph 4.

5.      Defendants admit the allegations in Paragraph 5.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Paragraph 10 is a verbatim repetition of Paragraph 2, and, in addition, defendants are informed and believe that the allegations in Paragraph 10 are not true, and they are therefore denied.

11.     Paragraph 11 is a verbatim repetition of Paragraph 1 and need not be answered twice.

12.     Denied.

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

13.   Denied.

14.   Defendants object to the allegations in Paragraph 14 on the ground that "Harrah's Lake Tahoe" is not a registered corporate entity nor is it defined in the Complaint. Accordingly, Defendants deny the allegations in Paragraph 14.

15.   Defendants admit that Guy Hyder was chief of security at Harrah's Lake Tahoe Resort and Casino. Defendants deny the remaining allegations in Paragraph 15.

16.   Defendants object to the allegations in Paragraph 16 on the ground that "Harrah's Lake Tahoe" is not a registered corporate entity nor is it defined in the Complaint. Accordingly, Defendants deny the allegations in Paragraph 16.

17.   Defendants object to the allegations in Paragraph 17 on the ground that "Harrah's Lake Tahoe" is not a registered corporate entity nor is it defined in the Complaint. Accordingly, Defendants deny the allegations in Paragraph 17.

18.   Ms. Neall is not a named Defendant in this action, and her residency is therefore irrelevant.

19.   Defendants admit that Mark Masters is employed at Harrahs Lake Tahoe Resort and Casino in security. Defendants deny any remaining allegations in Paragraph 19.

20.   Admitted.

21.   Admitted.

# Facts

22.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore deny them.

23.   Defendants object to the allegations in Paragraph 23 on the ground Plaintiff's employer was Harvey's Lake Tahoe Management Company, Inc., and not either of the other two Defendants. Defendants are  informed and believe and therefore admit that the allegations in

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

1  Paragraph 23 are true and are therefore admitted, with respect to Harvey's Lake Tahoe
2  Management Company, Inc., alone.
3      24.    Defendants are informed and believe and therefore admit that the allegations in
4  Paragraph 24 are true.
5
6      25.    Defendants are informed and believe and therefore admit that the allegations in
7  Paragraph 25 are true.
8      26.    Defendants are informed and believe and therefore admit that the allegations in
9  Paragraph 26 are true.
10      27.    Defendants are informed and believe and therefore admit that the allegations in
11  Paragraph 27 are true.
12      28.    Defendants are informed and believe and therefore admit that the allegations in
13
14  Paragraph 28 are true.
15      29.    Defendants are informed and believe and therefore admit that the allegations in
16  Paragraph 29 are true.
17      30.    Defendants object to the allegations in Paragraph 30 on the ground "Tahoe
18  properties" is not defined.  Without waiving objection, admitted.
19      31.    Defendants are without knowledge or information sufficient to form a belief as to
20  the truth of the allegations in Paragraph 31 and therefore deny them.
21
22      32.    Admitted
23      33.    Admitted.
24      34.    Denied.
25      35.    Denied.
26
27
28

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

36.     Defendants object to the allegations in Paragraph 36 on the ground they are self-serving conclusory statements rather than a short and plain statement of facts showing that Plaintiff is entitled to relief, and therefore deny them.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore deny them.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore deny them.

39.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore deny them.

40.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore deny them.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore deny them.

42.     Defendants admit that Michael Jordan and Charles Barkley attended the 2008 Celebrity Golf Tournament.  Defendants deny the remaining allegations in Paragraph 42.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore deny them.

44.     Denied.

45.     Admitted.

46.     Admitted.

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore deny them.

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore deny them.

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

49.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore deny them.

50.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore deny them.

51.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore deny them.

52.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore deny them.

53.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore deny them.

54.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore deny them.

55.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore deny them.

56.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore deny them.

57.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore deny them.

58.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore deny them.

59.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore deny them.

60.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and therefore deny them.

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

61.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore deny them.

62.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore deny them.

63.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore deny them.

64.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore deny them.

65.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore deny them.

66.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and therefore deny them.

67.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore deny them.

68.     Defendants admit that Mr. Roethlisberger is larger than Plaintiff.  Defendants deny any remaining allegations in Paragraph 68.

69.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore deny them.

70.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and therefore deny them.

71.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore deny them.

72.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore deny them.

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

- 7 -

73.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore deny them.

74.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore deny them.

75.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore deny them.

76.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore deny them.

77.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore deny them.

78.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore deny them.

79.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore deny them.

80.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and therefore deny them.

81.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore deny them.

82.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and therefore deny them.

83.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and therefore deny them.

84.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and therefore deny them.

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509   775.329.0958

1    85.    Denied.

2    86.    Denied.

3    87.    Denied.

4    88.    Defendants are without knowledge or information sufficient to form a belief as to

5    the truth of the allegations in Paragraph 88 and therefore deny them.

6

7    89.    Denied.

8    90.    Denied.

9    91.    Plaintiff's "suspicions" are not facts nor factual allegations; therefore Defendants

10   deny the purported allegations in Paragraph 91.

11   92.    Denied.

12   93.    Denied.

13   94.    Paragraph 94 appears to be an un-attributed quote.  It is neither a fact nor a factual

14   allegation; therefore Defendants deny the purported allegations in Paragraph 94.

15

16   95.    Defendants are without knowledge or information sufficient to form a belief as to

17   the truth of the allegations in Paragraph 95 and therefore deny them.

18   96.    Defendants are without knowledge or information sufficient to form a belief as to

19   the truth of the allegations in Paragraph 96 and therefore deny them.

20

21   97.    Defendants are without knowledge or information sufficient to form a belief as to

22   the truth of the allegations in Paragraph 97 and therefore deny them.

23   98.    Defendants are informed and believe that Plaintiff was admitted to Renown

24   Regional Medical Center on or about September 25, 2008.  Defendants are without knowledge or

25   information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98

26   and therefore deny them.

27

28

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509   775.329.0958

99.     Defendants admit that West Hills Hospital is a mental health facility to which Plaintiff was admitted on or about September 26, 2008. Defendant's are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 and therefore deny them.

100.     Defendants were informed and believe and therefore admit that Plaintiff was hospitalized in West Hills Hospital until approximately October 2, 2008. Defendants deny any remaining allegations in Paragraph 100.

101.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and therefore deny them.

102.     Admitted.

103.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and therefore deny them.

104.     Defendants are informed and believe and therefore admit that Plaintiff was in St. Helena Hospital from October 14, 2008 to October 30, 2008.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 and therefore deny them.

105.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and therefore deny them.

106.     Defendants object to Paragraph 106 on the ground it is an incomplete sentence and therefore unintelligible.

107.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and therefore deny them.

108.     Denied.

109.     Denied.

110.   Denied.

111.   Denied.

112.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and therefore deny them.

113.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and therefore deny them.

114.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and therefore deny them.

115.   Defendants object to the allegations in Paragraph 115 on the ground they are not a short and plain statement showing that the pleader is entitled to relief as required by FRCP 8(a), and do not appear to be relevant to any claim for relief set forth in Plaintiff's Complaint, and therefore deny them.

116.   Defendants object to the allegations in Paragraph 116 on the ground they are not a short and plain statement showing that the pleader is entitled to relief as required by FRCP 8(a), and do not appear to be relevant to any claim for relief set forth in Plaintiff's Complaint, and therefore deny them.

117.   Defendants object to the allegations in Paragraph 117 on the ground they are not a short and plain statement showing that the pleader is entitled to relief as required by FRCP 8(a), and do not appear to be relevant to any claim for relief set forth in Plaintiff's Complaint, and therefore deny them.

118.   Defendants object to the allegations in Paragraph 118 on the ground they are not a short and plain statement showing that the pleader is entitled to relief as required by FRCP 8(a), and do not appear to be relevant to any claim for relief set forth in Plaintiff's Complaint, and therefore deny them.

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509   775.329.0958

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

119.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and therefore deny them.

120.    Defendants object to the allegations in Paragraph 120 on the ground they are not a short and plain statement showing that the pleader is entitled to relief as required by FRCP 8(a), and do not appear to be relevant to any claim for relief set forth in Plaintiff's Complaint, and therefore deny them.

121.    Defendants object to the allegations in Paragraph 121 on the ground they are not a short and plain statement showing that the pleader is entitled to relief as required by FRCP 8(a), and do not appear to be relevant to any claim for relief set forth in Plaintiff's Complaint, and therefore deny them.

122.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 and therefore deny them.

123.    Admitted.

124.    Defendant admits that Plaintiff was admitted to Barton Memorial Hospital. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 124 and therefore deny them.

125.    Denied.

126.    Denied.

127.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and therefore deny them.

128.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and therefore deny them.

129.    Denied.

- 12 -

130.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and therefore deny them.

131.    Defendants admit that Plaintiff was released to work on March 3, 2009. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 131 and therefore deny them.

132.    Denied.

133.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and therefore deny them.

134.    Defendants object to the allegations in Paragraph 134 on the ground they are not a short and plain statement showing that the pleader is entitled to relief as required by FRCP 8(a), and do not appear to be relevant to any claim for relief set forth in Plaintiff's Complaint, and therefore deny them.

135.    Defendants object to the allegations in Paragraph 135 on the ground they are not a short and plain statement showing that the pleader is entitled to relief as required by FRCP 8(a), and appear to be drafted for inclusion in a novel or screenplay rather than a legitimate legal document, and therefore deny them.

136.    Denied.

137.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and therefore deny them.

138.    Defendants object to the allegations in Paragraph 138 on the ground they constitute hearsay not within any exception and are not a short and plain statement showing that the pleader is entitled to relief as required by FRCP 8(a), and therefore deny them.

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509   775.329.0958

139.    Defendants object to the allegations in Paragraph 139 on the ground they contain hearsay not within any exception and are not a short and plain statement showing that the pleader is entitled to relief as required by FRCP 8(a), and therefore deny them.

140.    Defendants object to the allegations in Paragraph 140 on the ground they are not relevant to any issues raised by the pleadings, and are not a short and plain statement showing that the pleader is entitled to relief, as required by FRCP 8(a) and therefore deny them.

141.    Defendants object to the allegations in Paragraph 141 on the ground they are not relevant to any issues raised by the pleadings, and are not a short and plain statement showing that the pleader is entitled to relief, as required by FRCP 8(a) and therefore deny them.

142.    Defendants object to the allegations in Paragraph 142 on the ground they constitute a self-serving narrative conclusion rather than a short and plain statement showing the pleader is entitled to relief as required by FRCP 8(a), and therefore deny them.

143.    Defendants object to the allegations in Paragraph 143 on the ground they constitute hearsay not within any exception and are not a short and plain statement showing that the pleader is entitled to relief as required by FRCP 8(a), and therefore deny them.

144.    Defendants object to the allegations in Paragraph 144 on the ground they constitute hearsay not within any exception and are not a short and plain statement showing that the pleader is entitled to relief as required by FRCP 8(a), and therefore deny them.

145.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145, and therefore deny them.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Defendants object to the allegations in Paragraph 153 on the ground they appear to be more properly disposed of in a discovery motion rather than in a new complaint, and therefore deny them.

154.    Defendants object to the allegations in Paragraph 154 on the ground they appear to be more properly disposed of in a discovery motion rather than in a new complaint, and therefore deny them.

155.    Denied.

156.    Defendants object to the allegations in Paragraph 156 on the ground they are not a short and plain statement showing the pleader is entitled to relief, as required by FRCP 8(a), and therefore deny them.

157.    Defendants object to the allegations in Paragraph 157 on the ground they do not appear to be remotely relevant to any issue raised by the pleadings, and therefore deny them.

158.    Defendants object to the allegations in Paragraph 158 on the ground they appear to be inadmissible hearsay, and therefore deny them.

159.    Defendants object to the conversation in Paragraph 159 on the ground it appears to be more suited for inclusion in a low-grade novel rather than a legal document.  In addition, it contains nothing that could be construed as a short and plain statement showing that the pleader is entitled to relief, as required by FRCP (a), and is therefore denied.

160.    Defendants object to the conversation in Paragraph 160 on the ground it appears to be more suited for inclusion in a low-grade novel rather than a legal document.  In addition, it contains hearsay, not within any exception, and nothing that could be construed as a short and

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

plain statement showing that the pleader is entitled to relief, as required by FRCP (a), and is therefore denied.

161.  Defendants object to the conversation in Paragraph 161 on the same grounds as set forth in their answer to Paragraph 160 above.

162.  Defendants object to the conversation in Paragraph 162 on the same grounds as set forth in their answer to Paragraph 160 above.

163.  Defendants object to the conversation in Paragraph 163 on the same grounds as set forth in their answer to Paragraph 160 above.

164.  Denied.

165.  Defendants object to the conversations in Paragraph 165 on the ground they contain hearsay not within any exception, and fails to present a short and plain statement showing that the pleader is entitled to relief, as required by FRCP 8(a), and is therefore denied.

166.  Defendants object to the conversation in Paragraph 166 on the same grounds as set forth in their answer to Paragraph 160 above.

167.  Defendants object to the conversation in Paragraph 167 on the same grounds as set forth in their answer to Paragraph 160 above.

168.  Defendants object to the conversation in Paragraph 168 on the same grounds as set forth in their answer to Paragraph 160 above.

169.  Defendants object to the conversation in Paragraph 169 on the same grounds as set forth in their answer to Paragraph 160 above.

170.  Defendants object to the conversation in Paragraph 170 on the same grounds as set forth in their answer to Paragraph 160 above.

171.  Defendants object to the conversation in Paragraph 171 on the same grounds as set forth in their answer to Paragraph 160 above.

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509   775.329.0958

172.   Defendants object to the conversation in Paragraph 172 on the same grounds as set forth in their answer to Paragraph 160 above.

173.   Defendants object to the conversation in Paragraph 173 on the same grounds as set forth in their answer to Paragraph 160 above.

174.   Defendants object to the conversation in Paragraph 174 on the same grounds as set forth in their answer to Paragraph 160 above.

175.   Defendants object to the conversation in Paragraph 175 on the same grounds as set forth in their answer to Paragraph 160 above.

176.   Defendants object to the conversation in Paragraph 176 on the same grounds as set forth in their answer to Paragraph 160 above.

177.   Denied.

178.   Defendants admit that Plaintiff filed suit on July 17, 2009 in the Second Judicial District Court for the State of Nevada against defendants named therein.  Defendants deny any remaining allegations in Paragraph 178.

179.   Denied.

180.   Denied.

181.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181, and therefore deny them.

182.   Defendants object to the conversation in Paragraph 182 on the same grounds as set forth in their answer to Paragraph 160 above.

183.   Denied.

184.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184, and therefore deny them.

Pisecevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

185.   Defendants object to the conversation in Paragraph 185 on the same grounds as set forth in their answer to Paragraph 160 above.

186.   Defendants object to the conversation in Paragraph 186 on the same grounds as set forth in their answer to Paragraph 160 above.

187.   Denied.

188.   Denied.

189.   Denied.

190.   Denied.

191.   Denied.

192.   Denied.

193.   Defendants object to the allegations in Paragraph 193 on the ground they contain mere hearsay, and are not a short and plain statement showing that the pleader is entitled to relief as required by FRCP 8 (a), and therefore deny them.

194.   Defendants object to the conversation in Paragraph 194 on the same grounds as set forth in their answer to Paragraph 160 above.

195.   Denied.

196.   Denied.

197.   Defendants object to the allegations in Paragraph 197 on the ground they are more suitable for inclusion in a low-grade novel than in a pleading filed a court of law. Defendants are unaware that "shunning" constitute legal grounds for any claim for relief and therefore denies the allegations in Paragraph 197.

198.   Denied.

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV  89509   775.329.0958

- 18 -

199.    Defendants object to the allegations in Paragraph 199 on the ground they contain speculation, hearsay and prevarication, in addition to failing to present a short and plain statement showing that the pleader is entitled to relief, as required by FRCP 8(a).

200.    Defendants admit that on July 21, 2009, a Media Policy statement was issued; the policy speaks for itself. Defendants deny any remaining allegations in Paragraph 200.

201.    Defendants object to the allegations in Paragraph 201 on the ground they appear to be lifted from a low-grade novel and disguised as a legal pleading. The allegations constitute nothing more than self-serving claptrap rather than a short and plain statement showing that the pleader is entitled to relief, as required by FRCP 8(a), and are therefore denied.

202.    Denied.

203.    Denied.

204.    Defendants are informed and believe and therefore admit that the allegations in Paragraph 204 are true.

205.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 and therefore deny them.

206.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 and therefore deny them.

207.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 and therefore deny them.

208.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 and therefore deny them.

209.    Paragraphs 209 through 269 appear to be nothing more than a melodrama disguised as a legal pleading, with Plaintiff as the heroine and defendants and/or their employees as the villains. Defendants object to this shameful and poor excuse for legal writing in its entirety

- 19 -

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509   775.329.0958

and specifically as to each Paragraph. Any actual allegations contained therein are either false, irrelevant, scandalous, self-serving, hearsay, and/or fabrications, and they are therefore denied.

## CLAIMS AGAINST DEFENDANTS

## FIRST CLAIM FOR RELIEF

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

270.   Defendants refer to and incorporate by such reference their answers to the allegations in Paragraphs 1 through 269 above as though fully set forth at this point.

271.   Denied.

272.   Denied.

273.   Denied.

274.   Denied.

275.   Denied.

276.   Denied.

277.   Denied.

## SECOND CLAIM FOR RELIEF

## INVASION OF PRIVACY

278.   Defendants refer to and incorporates by such reference their answers to the allegations in Paragraphs 1 through 277 above as though fully set forth at this point.

279.   Denied.

280.   Denied.

281.   Denied.

282.   Denied.

283.   Denied.

284.   Denied.

Pisecevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

1    285.    Denied.

2    286.    Denied.

3    287.    Denied.

4    288.    Denied.

5    289.    Denied.

6    290.    Denied.

7

8    **THIRD CLAIM FOR RELIEF**

9    **TRESPASS**

10    291.    Defendants refer to and incorporate by such reference their answers to the

11    allegations in Paragraphs 1 through 290 above as though fully set forth at this point.

12    292.    Denied.

13    293.    Denied.

14    294.    Denied.

15    295.    Denied.

16    296.    Denied.

17

18    297.    Denied.

19    298.    Denied.

20    299.    Denied.

21

22    **FOURTH CLAIM FOR RELIEF**

23    **DEFAMATION AND TRADE DEFAMATION**

24    300.    Defendants refer to and incorporate by such reference their answers to the

25    allegations in Paragraphs 1 through 299 above as though fully set forth at this point.

26    301.    Denied.

27    302.    Denied.

28

- 21 -

303.   Denied.

304.   Denied.

305.   Denied.

306.   Denied.

307.   Denied.

308.   Denied.

309.   Denied.

310.   Denied.

311.   Denied.

312.   Denied.

## FIFTH CLAIM FOR RELIEF

### TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY

313.   Defendants refer to and incorporate by such reference their answers to the allegations in Paragraphs 1 through 312 above as though fully set forth at this point.

314.   Denied.

315.   Denied.

316.   Denied.

317.   Denied.

318.   Defendants object to the allegations in Paragraph 318 on the ground they appear to be an unsupported statement of the law.

319.   Defendants object to the allegations in Paragraph 319 on the ground they appear to be an unsupported statement of the law.

320.   Defendants object to the allegations in Paragraph 320 on the ground they appear to be an unsupported statement of the law.

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

321.    Defendants object to the allegations in Paragraph 321 on the ground they appear to be an unsupported statement of the law.

322.    Defendants object to the allegations in Paragraph 322 on the ground they appear to be an unsupported statement of the law.

323.    Denied.

324.    Denied.

325.    Denied.

# Affirmative Defenses

1.    Plaintiff's Complaint fails to state a claim on which relief may be granted as a matter of law.

2.    Plaintiff's claims, and each of them, are barred by the equitable doctrines of laches, waiver and/or unclean hands.

3.    Plaintiff's damages, which damages are denied, were caused by the contributory negligence of Plaintiff in greater part than any negligence by Defendants, which negligence is denied.

4.    Plaintiff's damages, which damages are denied, were caused by the acts and/or omissions of third parties over whom these answering Defendants exercise no dominion or control.

5.    Plaintiff's damages, which damages are denied, were caused by intervening causes so as to negate any proximate cause resulting from any act or omission of any of these answering Defendants.

6.    Plaintiff's claims, and each of them, are barred by the exclusive remedy provisions of Nevada's worker compensation scheme, including but not limited to NRS 616A.020.

- 23 -

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509   775.329.0958

7.      Plaintiff is judicially estopped from asserting claims against these Defendants.

8.      Defendants incorporate by reference those affirmative defenses enumerated in FRCP 8, as if fully set forth herein.  In the event that further investigation or discovery reveals the applicability of any such defense, Defendants reserve the right to seek leave of the Court to amend this Answer to specifically assert the same.  Such defenses are incorporated by reference for the specific purpose of not waiving the same

9.      Pursuant to FRCP 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendants' Answer and, therefore, Defendants reserve the right to amend its Answer to allege additional affirmative defenses if subsequent investigation warrants.

10.     Defendants' liability, if any, which liability is denied, is several only, and not joint and several, as a matter of law.

11.     Plaintiff's claims, and each of them, are barred by her failure to exhaust administrative remedies.

12.     Plaintiff's claims, and each of them, are barred by her failure to assert said claims in her previous lawsuit based on the same transactions and occurrences.

13.     Plaintiff's claims, and each of them, are barred by her failure to mitigate her damages, which damages are denied.

14.     Plaintiff's Complaint fails to state a claim for exemplary or punitive damages.

15.     The imposition of exemplary or punitive damages against Defendants would violate the United States and Nevada Constitutions, including, but not limited to, the right of equal protection and due process provided by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958

16.    Actions such as this seeking the imposition of punitive damages are in violation of rights guaranteed to Defendants under the Fifth and Fourteenth Amendments of the United States Constitution and the Nevada Constitution, because the standards governing the imposition of punitive damages are impermissibly vague, imprecise and inconsistent.

17.    The Nevada authorities under which Plaintiffs' punitive damages claims are apparently made are invalid on their face or as applied to Defendants pursuant to Article I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth Eighth and Fourteenth Amendments to the United States Constitution, and Article I, Section 7, 9, 15, 17, and the Nevada Constitution.

**WHEREFORE:** Defendants request relief as follows:

1.    For an Order dismissing Plaintiff's Complaint, with prejudice;

2.    For cost of suit and a reasonable attorney's fee; and

3.    For such other and further relief as the Court deems appropriate in the circumstances.

**AFFIRMATION**
**Pursuant to NRS 239B.030**

The undersigned does hereby affirm that the preceding document, Answer, **DOES NOT CONTAIN THE SOCIAL SECURITY NUMBER OF ANY PERSON.**

Dated this 6th day of December, 2010.

PISCEVICH & FENNER

By: _____
Mark J. Lenz
Attorneys for Defendants

- 25 -

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that I am an employee of PISCEVICH & FENNER and that on this date I caused to be served a true and correct copy of the document described herein by the method indicated below, and addressed to the following:

Document Served:                ANSWER

Person(s) Served:

Calvin R. X. Dunlap                \_\_\_\_XX\_\_\_\_   Electronic Filing
P.O. Box 3689                      \_\_\_\_XX\_\_\_\_   Hand Deliver
537 Ralston Street                 _____   U.S. Mail
Reno, Nevada  89505                _____   Overnight Mail
                                   _____   Facsimile (775)

Susan Heaney Hilden                \_\_\_\_XX\_\_\_   Electronic Filing
Littler Mendelson, PC              \_\_\_\_XX\_\_\_\_   Hand Deliver
50 W. Liberty St., Ste 400         _____   U.S. Mail
Reno, NV  89501                    _____   Overnight Mail
                                   _____   Facsimile (775)

DATED this 6th day of  December, 2010.

*Beverly Chambers*
Beverly Chambers

Piscevich & Fenner
499 West Plumb Lane, Suite 201
Reno, NV 89509  775.329.0958